IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

SYREETA L. KEE                                                                        PLAINTIFF

CIVIL ACTION NO. 4:20-CV-127-SA-JMV

HOWARD L. NATIONS, P.C. a/k/a
THE NATIONS LAW FIRM AND                                                   DEFENDANTS
HOWARD L. NATIONS, Individually

COMPLAINT
JURY TRIAL DEMANDED

I. Introduction

1. Plaintiff brings this civil action for professional legal negligence, error, mistake, legal malpractice and breach of the legal standard of care against Howard L. Nations, P.C. a/k/a The Nations Law Firm and Howard L. Nations, individually (the named defendants) for allowing the three (3) year statute of limitations set forth in Miss. Code Ann. Section 15-1-49 (Rev. 1989) to expire on plaintiff's product liability claims arising from the insertion of a defective inferior vena cava (IVC) filter on October 21, 2009, during plaintiff's admission to Baptist Memorial Hospital North Mississippi (BMH-NM) from October 6, 2009 to January 10, 2009. On June 24, 2015, plaintiff underwent a partial removal of the IVC filter at St. Dominic Hospital in Jackson, Mississippi. During her St. Dominic admission, plaintiff watched the named defendants' television advertisement for personal injury claims involving defective

1

IVC filters and contacted defendants for legal representation. The ATTORNEY-CLIENT CONTRACT between plaintiff and the named defendants was signed by plaintiff on September 4, 2015 and returned to the named defendants' office in Houston, Texas. By letter dated August 21, 2017, the named defendants advised plaintiff of the following:

> Thank you for allowing our office to investigate your IVC filter claim. It appears that you received an ALN Optional IVC filter and we do not know of certain complications with your filter. Currently, we are only pursuing IVC filter cases involving specific complications.
>
> We write to inform you that we are closing your file. You are now released from the contract you signed with us, and our firm is not working to prosecute an IVC filter case on your behalf.

## II. Parties

  A.  The Named Plaintiff Is A Citizen Of The State Of Mississippi

2. The named plaintiff is an adult resident citizen of the State of Mississippi residing in the Northern District of Mississippi, in Yalobusha County, Mississippi.

  B.  The Named Defendants Are Citizens Of The State Of Texas

3. According to the Texas Franchise Tax Public Information Report dated December 31, 2019, Howard L. Nations, P.C. a/k/a The Nations Law Firm (HLNPC) is a professional corporation organized and existing under the laws of the State of Texas with its principal place of business in the State of Texas. For the purposes of 28 U.S.C. Section 1332, a professional corporation is deemed to be a corporation. BouMatic, LLC v. Idento Operations, BV, 759 F.3d 790, 791 (7th Cir. 2014). The defendant Howard L. Nations P.C. may be served with

service of process of this Court through its registered agent for process Howard L. Nations at 9703 Richmond Avenue, Suite 200, Houston, Texas 77042. A copy of the Texas Franchise Tax Public Information Report from the Texas Secretary of State's website is attached hereto and incorporated herein as Exhibit 1.

    4. Defendant Howard L. Nations (Nations) is a licensed practicing attorney in Houston, Texas and is an adult citizen of the State of Texas. Defendant Nations may be served with process of this Court at Howard L. Nations Law Firm at 9703 Richmond Avenue, Suite 200 Houston, Texas.

    5. Pursuant to 28 U.S.C. Section 1332(a), there is complete diversity of citizenship between the parties, since HLNPC is organized and existing under Texas law with its principal place of business at 3131 Briarpark Drive, Houston, Texas 77042 and Nations is a citizen of the State of Texas.

    6. The named plaintiff is a citizen of the State of Mississippi and not a citizen of any other state.

    7. For the Court to exercise diversity jurisdiction under 28 U.S.C. Section 1332(a), complete diversity of citizenship must exist between the parties. Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Vaillancourt v. PNC Bank, Nat. Ass'n, 771 F.3d 843, 847 (5th Cir. 2014). In this civil action, complete diversity exists between the parties because plaintiff is a citizen of the State of Mississippi and HNLPC is a professional corporation organized and existing under the State of Texas and is a citizen of Texas, for citizenship purposes. The

individual defendant Nations is an adult resident citizen of the State of Texas.

8. The amount of the damages sought by the plaintiff in this controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs.

### III. Jurisdiction

9. The Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1332(a), as there is complete diversity jurisdiction in this civil action which seeks actual damages, punitive damages, attorney's fees and the costs of this suit, in excess of $75,000.

10. 28 Section 1332(a) of the United States Code provides that:

> (a) the District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and between
>
> (1) citizens of different States . . .

28 U.S.C. Section 1332(a). Both the diversity of citizenship and amount in controversy requirements are met in this civil action.

### IV. Venue

11. Pursuant to 28 U.S.C. Section 1391(b)(1) and/or (2), venue is proper in the Northern District of Mississippi because plaintiff resides in Yalobusha County, Mississippi and had the IVC filter was implanted at the Baptist Memorial Hospital in Oxford, Lafayette County, Mississippi and a substantial part of the events giving rise to this action occurred in the Northern District of Mississippi.

### V. Factual Allegations

#### A. The IVC Filter Placement

12. The named defendants advertise on television to represent clients who have claims for the implantation of defective IVC filters which are widely prescribed and used in the treatment of deep vein thrombosis (DVT). The United States Food and Drug Administration (FDA) approved IVC filters manufactured, distributed and sold for the treatment of DVT, by numerous medical device manufacturers.

13. On October 4, 2009, as plaintiff was driving on Highway 7 in Coffeeville, Mississippi, her vehicle hydroplaned on Highway 7 and landed in a creek causing her to sustain numerous abrasions, cuts and injuries to her body. Plaintiff was transported via ambulance to Grenada Lake Medical Center emergency department (GLMCED) in Grenada, Mississippi. At 12:15 p.m., she was in shock, hypothermic, having trouble breathing and had suffered severe injuries to her leg. She was discharged from GLMCED the same day at 3:15 p.m..

14. On October 6, 2009, at 7:30 a.m., she was admitted to Baptist Memorial Hospital - North Mississippi (BMH-NM) in Oxford, Mississippi by Dr. Brian K. Wall for sepsis syndrome, dehydration, acute renal failure, recent severe motor vehicle accident and other initial impressions including skin graft, wound debridement, of necrotic skin and subcutaneous tissue of her left thigh about fifteen by fifteen (15 x 15) centimeters she remained an inpatient at BMH-NM.

15. On October 21, 2009, at BMH-NM, an IVC filter was placed by Dr. Brian Wall, after the patient developed deep venous thrombosis.

16. On January 12, 2010, plaintiff was discharged from BMH-NM. Her final diagnoses were: (1) cellulitis, lymphedema and deep venous thrombosis both lower

extremities.

17. From her January 12, 2010 discharge, plaintiff was seen, examined and treated by numerous physicians for rehabilitation at the BMH-NM Rehabilitation Center.

18. On August 25, 2014, plaintiff was admitted to St. Dominic – Jackson Memorial Hospital (St. Dominic) in Jackson, Mississippi for a venogram study at 2:36 p.m. by Dr. Scott H. McPherson (ordered by Dr. John Michael Manning). The reason for the study was noted as "POST THROMBOTIC SYNDROME 459; chronic venous insufficiency, history of DVT and pulmonary emboli, IVC filter placement". Findings were: "The patient has an IVC filter placed at the iliac bifurcation. Portions of the IVC filter are seen in the right and left iliac veins. A pressure gradient is present at this level. 7 mmHg pressure gradient present pressures within right iliac venous system of 13 mmHg. Impression: "Patient has low-lying inferior vena cava filter that is NONRETRIEVABLE IVC filter. Pressure gradient present in filter although no clot identified in filter. Bilateral iliac venous stents with stents extending into the inferior vena cava across the IVC filter will be necessary to correct this pressure gradient."

25. On September 3 and October 7, 2014 at St. Dominic in Jackson, Mississippi, plaintiff had stents placed in her leg.

20. On October 7, 2014, plaintiff was admitted to St. Dominic for venogram study at 11:42 a.m. by Dr. Scott H. McPherson (ordered by Dr. Manning). The reason for the study was noted as: "POST THROMBOTIC SYNDROME 459.10". Findings were: "Worsening obstruction of the common iliac vein on the right as well is the inferior vena cava about previously placed IVC filter. Struts of the filter identified in the right iliac vein and the

filter is tilted…Guidewire inserted…pass through the low lying IVC filter that is at the iliac vein bifurcation. A 24 x 45 mm Wallstent was then deployed from the inferior vena cava into the right common iliac vein. A 22 mm balloon was then utilized to crush the IVC filter against the wall opening the obstructed IVC…successfully performed."

21. On November 11, 2014, plaintiff underwent a partial removal of the IVC filter and placement of a stent.

22. On April 21, 2015, plaintiff was admitted to St. Dominic for EGD and colonoscopy performed by Dr. Vonda Reeves-Darby around 1:00 p.m. EGD Indications: "Gastroesophageal reflux disease". EGD Findings were: "Gaping lower esophageal sphincter…[in stomach] localized continuous congestion of the mucosa with no bleeding noted in the antrum". Colonoscopy indications were: "Occult blood in stools". Colonoscopy findings were noted as: "Stool in the distal rectum and distal sigmoid colon…medium non-bleeding grade 1 internal hemorrhoids."

23. On June 24, 2015, plaintiff was admitted to St. Dominic after partial removal of IVC filter removal and stent placement on November 11, 2014. Plaintiff's St. Dominic medical chart noted improvement in her right leg, but was getting worse since January 2015. It is noted that plaintiff presented with green wound drainage, as well as weakness and fever over past two weeks with gradual onset and moderate severity. She was treated by Dr. Jeffrey S. Fitzgerald and received IV antibiotics. Her diagnoses were cellulitis of lower leg and chronic right lower extremity (RLE) wound. Dr. Parvesh K. Goel was the attending physician. His impressions were: 1. Cellulitis of the right let; 2. Nonhealing wound of the right lower

extremity; 3. History of chronic venous stasis; 4. History of inferior vena cava filter, status post-removal and post stent placement; 5. Gastroesophageal reflux disease; 6. Hypothyroidism and 7. Obesity. The plan was noted as: Admit; IV antibiotics; consider blood culture.

24. On July 1, 2015, plaintiff was discharged from St. Dominic following her June 24, 2015 admission.

25. On September 4, 2015, plaintiff communicated with the Nations Law Firm and an ATTORNEY-CLIENT CONTRACT was forwarded for her signature and she signed and returned the ATTORNEY-CLIENT CONTRACT to the named defendants.

26. On September 4, 2015, plaintiff signed a contract with the named defendants to represent her in product liability claims regarding the defective IVC filter implanted in her body on October 21, 2009 during her admission to BMH-NM in Oxford, Mississippi. A copy of the ATTORNEY-CLIENT CONTRACT is attached hereto and incorporated herein as Exhibit 2.

27. Under Mississippi law, a products liability claim for a defective IVC filter is governed by the three (3) year statute of limitations set forth in Miss. Code Ann. Section 15-1-49 (Rev. 1989). A product liability "cause of action accrues and the limitations period begins to run when the plaintiff can reasonably be held to have knowledge of the injury." City of Tupelo v. O'Callaghan, 208 So.3d 556, 570 (Miss. 2017) (quoting Angle v. Koppers, Inc., 42 So.3d 1, 5 (Miss. 2010)) (emphasis added). Plaintiff's injuries from the IVC filter manifested on October 7 and November 11, 2014.

28. On August 21, 2017, almost two years after the ATTORNEY-CLIENT

CONTRACT was signed, HLNPC and Nations sent plaintiff a letter declining representation, stating that "the ALN Optional IVC filter plaintiff had implanted during the January 8-12, 2010 admission to BMH-NM was not known by them to cause certain complications." A copy of the letter declining representation is attached hereto and incorporated within as Exhibit 3.

29. The named defendants failed to promptly determine and to timely advise plaintiff that they did not handle ALN manufactured IVC filters, in time for her to obtain other counsel and initiate litigation concerning her product liability claims for a defective IVC filter.

30. Plaintiff reasonably relied upon the skill, superior knowledge and judgment of the named defendants to provide representation concerning her product liability claims, arising from the placement and the partial removal of her IVC filter.

31. As a direct and proximate result of the named defendants' acts and omissions, plaintiff's product liability claim became time barred and she sustained emotional distress, mental anguish, economic losses and other damages for which she is entitled to including compensatory damages in an amount to be proven at trial.

    VI.    First Cause of Action: Professional Legal Negligence Or Malpractice

32. Plaintiff hereby incorporates by reference all preceding paragraphs, as if fully set forth herein.

33. In Mississippi, a claim of professional legal negligence or malpractice for allowing a statute of limitations to expire is governed by the three (3) year statute of limitations in Miss.

Code Ann. Section 15-1-49 (Rev. 1989).

34. Legal malpractice claims are subject to the general three (3) year statute of limitations of Miss. Code Ann. Section 15-1-49(1) (Rev. 1989) and accrue when the plaintiff discovers, or by reasonable diligence should have discovered, the injury. Miss. Code Ann. Section 15-1-49(2) (Rev. 1989).

VIII. Second Cause Of Action: Punitive Damages

35. The averments of the foregoing paragraphs are incorporated herein as if set forth at length below.

36. Pursuant to Miss. Code Ann. Section11-1-65 (Rev. 1990), punitive damages are warranted in the case at hand because the named defendants acted with such gross negligence that showed a willful, wanton, and/or reckless disregard for the safety of the plaintiff and her IVC filter legal claims. The named defendants' gross negligence proximately caused and/or contributed to the plaintiff's injuries and damages, including economic and non-economic damages pursuant to Miss. Code Ann. Section 11-1-65 (Rev. 2004).

37. At all times relevant hereto, the named defendant through its agents and conduct and omissions in failing to provide plaintiff with legal services in a timely manner were grossly negligent and of such outrageous, egregious and offensive character and so offensive to community standards as to subject the named defendants' to punitive damages.

38. The named defendants' actions and conduct constitute and arise to professional legal negligence and malpractice, error, mistake and breach of the professional legal standards applicable to an attorney, are in violation of and contrary to the Mississippi and Texas State

10

Bar's Professional Rules Of Conduct.

## PRAYER FOR RELIEF

WHEREFORE, the named plaintiff seeks judgment favor against the named defendant as follows:

1. Economic and non-economic damages in an amount in excess of two million dollars ($2,000,000.00) to be supported by the evidence, after discovery and at trial;

2. For the equitable relief requested;

3. For compensatory damages according to proof;

4. For punitive damages;

5. For judgment that the named defendants are liable to plaintiff for monetary damages and losses caused by their legal malpractice in allowing the three (3) year statute of limitations to expire;

6. For an award of attorneys' fees and costs; and

7. For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims in this action.

SO COMPLAINED this the 16th day of July, 2020.

>Respectfully submitted,
>Syreeta Kee, Plaintiff
>
>By:   s/Ellis Turnage
>ELLIS TURNAGE, Attorney for Plaintiff

OF COUNSEL:

ELLIS TURNAGE, MSB # 8131
TURNAGE LAW OFFICE
Post Office Box 216
108 North Pearman Avenue
Cleveland, Mississippi 38732
Tel: (662) 843-2811
Fax: (662) 843-6133
eturnage@etlawms.com