IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**SYREETA L. KEE**                                                                                          **PLAINTIFF**

V.                                                                                                          NO. 4:20-cv-00127-SA-JMV

**HOWARD L. NATIONS, P.C.**
**a/k/a THE NATIONS LAW FIRM AND**
**HOWARD L. NATIONS, Individually**                                                     **DEFENDANTS**

**ORDER**

This matter is before the court for further consideration of certain modified discovery requests submitted by plaintiff, in accord with the court's prior order dated May 15, 2021 [68], on the issue of personal jurisdiction over Defendant Howard L. Nations individually,[1] As

---

[1] Suggested revised discovery as submitted by Plaintiff is as follows:

INTERROGATORY NO. 1: Please state whether Howard L. Nations, individually has entered an appearance on behalf of a resident of the State of Mississippi since January 1, 2000 to the present, in any action, lawsuit or arbitration\mediation proceeding, pending in any state or federal court (not limited to Mississippi), including cases assigned to the Panel for Multi-District Litigation - MDL If so, please state: a) the identity of each Mississippi resident; b) the caption and cause number for each such proceeding; c) the date of the contract of employment signed between the Mississippi resident identified in "a" above and Howard L. Nations, P.C.; d) whether the proceeding remains pending and, if not, the date of its dismissal.

INTERROGATORY NO. 2: Please state whether Howard L. Nations, individually executes the contract of employment with prospective clients in every matter in which Howard L. Nations, P.C. is retained. If not, please state: a) an explanation as to why Howard L. Nations, individually, does not execute every contract of employment with clients of Howard L. Nations, P.C.; b) whether Howard L. Nations, P.C. has a written or unwritten internal policy or procedure regarding the authority of attorneys employed by Howard L. Nations, P.C., other than Howard L. Nations, individually, to execute employment contracts with a client; c) whether every contract of employment between Howard L. Nations, P.C. and a client contains a signature line for identifying Howard L. Nations, individually, as signing on behalf of Howard L. Nations, P.C.

INTERROGATORY NO. 3: Please state whether and to what extent Howard L. Nations, individually, was involved in, or otherwise approved, the decision to terminate the employment relationship between Syreeta Kee and Howard L. Nations, P.C. If so, please state: a) the nature of Howard L. Nations', individually, actions as related to the decision to terminate Howard L. Nations, P.C.'s representation of Syreeta Kee.

REQUEST NO. 1: All documents identified in response to plaintiff's interrogatories above.

REQUEST NO. 2: All internal memoranda, emails, notes and any other form of communication to or from Howard L. Nations, individually, regarding the firm's representation of Syreeta Kee, including: a) client intake; b) file review; and c) termination of the contract of employment.

REQUEST NO. 3: All documents reflecting or outlining Howard L. Nations, P.C.'s client intake, file review and termination of client representation procedures, including any role of Howard L. Nations, individually.

discussed below, because the revised suggested jurisdictional discovery does not comply with the court's prior order in a number of ways, it is denied. However, in the exercise of the court's discretion, some modified discovery will be permitted as set forth below, and Defendant, Howard Nations individually will have seven (7) days, or until 5pm on June 1, 2021 to respond.[2] The parties are further reminded that any supplementation of briefing on the motion to dismiss will be due seven (7) days thereafter or no later than 5pm June 8, 2021.

By way of background, the Plaintiff was directed pursuant to the courts prior order at [68] to submit no more than 3 interrogatories narrowly tailored to the issue of personal jurisdiction over Howard Nations, individually. In disregard of the order, Plaintiff's counsel submitted, including subparts, at least 13 far reaching (as in decades spanning, or worse, unlimited altogether in time) interrogatories most of which, on their face, concern the actions of the corporate entity defendant – not Nations individually. The requests for production are likewise, for the most part, unlimited in time and grossly overly broad in scope. For example, request 3, far from seeking discovery narrowly tailored to the question of this court's personal jurisdiction over Howard Nations, individually, literally seeks production of all documents of whatever date

---

REQUEST NO. 4: All documents provided by Howard L. Nations, P.C. to its professional malpractice insurance carrier(s) during years 2014 to the present outlining Howard L. Nations, P.C.'s client intake, tile review and termination of representation procedures.
REQUEST NO. 5: All documents, including invoices and contracts, with print and electronic media advertisers providing advertising in the State of Mississippi for and on behalf of Howard L. Nations, P.C. from 2000 to the present.
REQUEST NO. 1: Please admit that Howard L. Nations, individually, is the sole shareholder of Howard L. Nations, P.C.
REQUEST NO. 2: Please admit that Howard L. Nations, individually, is the sole officer of Howard L. Nations, P.C.
REQUEST NO. 3: Please admit that Howard L. Nations, individually is the sole director of Howard L. Nations, P.C.
REQUEST NO. 4: Please admit that Howard L. Nations, individually, is the only attorney/employee of Howard L. Nations, P.C. authorized to terminate contracts of employment with clients of Howard L. Nations, P.C.
REQUEST NO. 5: Please admit that Howard L. Nations, individually, is the only attorney/employee of Howard L. Nations, P.C. authorized to approve contracts of employment with clients of Howard L. Nations, P.C.
[2] In its prior order, the court had allowed for 10 days to respond; however, in view of the limited nature of the discovery being permitted, the court finds that seven (7) days are adequate.

that reflect some aspect of the corporate defendant's "client intake, file review and termination of representation procedures." Request 4 similarly seeks all document outlining the corporate defendant's client intake, file review and termination of representation procedures presented to any professional malpractice carrier since January 2014. In a like vein, Request 5 literally seeks every document that the corporate defendant – who does not contest personal jurisdiction – has reflecting any aspect of advertising by it in Mississippi for over 20 years.

For the reasons and law outlined in the court's prior discovery order, this proposed discovery is not relevant to the question of whether this court has personal jurisdiction over the individual, Howard Nations, as distinct from the corporate defendant.

Nevertheless, the court will permit the following proposed discovery:

## INTERROGATORIES

INTERROGATORY NO. 1: Please state whether Howard L. Nations, individually has entered an appearance on behalf of a resident of the State of Mississippi since January 1, 2014 to the present, in any action, lawsuit or arbitration\mediation proceeding and if so the number of such occasions and the case style.

INTERROGATORY NO. 3: Please state whether and to what extent Howard L. Nations, individually, was involved in, or otherwise approved, the decision to terminate the employment relationship between Syreeta Kee and Howard L. Nations, P.C.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 2: All internal memoranda, emails, notes and any other form of communication to or from Howard L. Nations, individually, regarding the solicitation or representation of Syreeta Kee.

## REQUESTS FOR ADMISSIONS

REQUEST NO. 1: Please admit that Howard L. Nations, individually, is the sole shareholder of Howard L. Nations, P.C.

REQUEST NO. 2: Please admit that Howard L. Nations, individually, is the sole officer of Howard L. Nations, P.C.

REQUEST NO. 3: Please admit that Howard L. Nations, individually is the sole director of Howard L. Nations, P.C.

REQUEST NO. 4: Please admit that Howard L. Nations, individually, is the only attorney/ employee of Howard L. Nations, P.C. authorized to terminate contracts of employment with clients of Howard L. Nations, P.C.

REQUEST NO. 5: Please admit that Howard L. Nations, individually, is the only attorney/ employee of Howard L. Nations, P.C. authorized to approve contracts of employment with clients of Howard L. Nations, P.C.

    **SO ORDERED** this 24th day of May, 2021

    /s/ Jane M. Virden
    UNITED STATES MAGISTRATE JUDGE