IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

SYREETA L. KEE                                                                                   PLAINTIFF

VS.                                                                    CAUSE NO. 4:20-CV-127-SA-JMV

HOWARD L. NATIONS, P.C.
a/k/a THE NATIONS LAW FIRM AND
HOWARD L. NATIONS, Individually                                                        DEFENDANTS

ORDER AND MEMORANDUM OPINION

On November 15, 2020, Syreeta L. Kee filed her Amended Complaint [21] alleging, among other claims, professional legal negligence against Howard L. Nations, P.C. ("The Nations Law Firm") and Howard L. Nations, in his individual capacity. Now before the Court is Howard L. Nations' Motion to Dismiss [33], wherein he alleges that the claims against him in his individual capacity should be dismissed for lack of personal jurisdiction. The Motion [33] has been fully briefed, and the Court is prepared to rule.

*Relevant Factual and Procedural Background*

After a car accident in 2009, Kee spent multiple stints in several hospitals. According to her Amended Complaint [21], she developed deep vein thrombosis ("DVT") in both of her lower extremities during her treatment. A doctor administered an inferior vena cava ("IVC") filter to alleviate the DVT.

In August and October 2014, Kee was admitted to St. Dominic – Jackson Memorial Hospital ("St. Dominic") for venogram studies. Kee alleges that the findings of these studies were essentially that the IVC filter was defective, and its ineffective nature was the cause of Kee's extensive ongoing health issues. The IVC filter was removed sometime thereafter.

During one of her stints at St. Dominic, which is located in Jackson, Mississippi, Kee saw a television advertisement, wherein The Nations Law Firm claimed to specialize in medical malpractice lawsuits involving defective IVC filters. Thereafter, Kee contacted The Nations Law Firm, which is located in Houston, Texas, to inquire about a cause of action involving her IVC filter. An Attorney-Client Contract was forwarded to Kee. The Contract stated that the purpose of the representation was "to prosecute all claims against all necessary defendants arising out of Event: Injury(ies) after implantation of IVC filter[.]" [21], Ex. 2. Kee signed the Contract and returned it to The Nations Law Firm on September 4, 2015.

Almost two years later, on August 21, 2017, The Nations Law Firm sent Kee a release letter which advised Kee that the Firm had conducted an investigation and ultimately declined representation on the basis of not having expertise in pursuing claims involving the particular type of IVC filter that Kee had received. The letter, which was signed by Kim Truongle, J.D., advised that "our firm is not working to prosecute an IVC filter case on your behalf." [21], Ex. 3 at p. 1.

On July 16, 2020, Kee filed her initial Complaint [1], bringing this action against The Nations Law Firm and Howard L. Nations, individually. Subsequently, on November 15, 2020, Kee filed her Amended Complaint [21], averring that, under Mississippi law, her medical malpractice claim was governed by a statute of limitations of three years which began to run at the time she could have reasonably been held to have knowledge of her injury. According to Kee, the injuries from the IVC filter manifested on October 7 and November 11, 2014. Therefore, she contends that The Nations Law Firm, after having had engaged her as its client for nearly two years, allowed the statute of limitations on her claims to almost completely lapse before advising her that the Firm would not pursue any potential claim on her behalf.

2

Howard L. Nations thereafter filed the present Motion [33], arguing that Kee's individual capacity claims against him should be dismissed. Nations contends that he did not personally make a contract with Kee to be performed in whole or in part in Mississippi, does not have the requisite contacts with Mississippi in order for personal jurisdiction to be appropriate, and that he did not commit a tort in whole or in part in the State of Mississippi.

After briefing on the Motion [33] was completed, Kee filed a Motion for Jurisdictional Discovery [62], contending that "Plaintiff has demonstrated a need to conduct jurisdictional discovery because her requested discovery is likely to produce materials needed to withstand Mr. Nation[']s Rule 12(b)(2) motion." [63] at p. 9. The Magistrate Judge entered an Order [68] denying the Motion [62] as filed but allowed Kee to conduct limited discovery relevant to the issue of personal jurisdiction. Thereafter, Nations submitted a Supplement [74] to his Motion to Dismiss [33]. Kee then filed a Supplemental Response [75, 76].

*Dismissal Standard*

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) (citing *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985); *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545 (5th Cir. 1985)). "The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id*. (citing *Washington v. Norton Manufacturing Co.*, 588 F.2d 441, 443 (5th Cir.), *cert. denied*, 442 U.S. 942, 99 S. Ct. 2886, 61 L. Ed. 2d 313 (1979)).

3

When no evidentiary hearing is held regarding a motion to dismiss, "the party seeking to assert jurisdiction is required only to present sufficient facts to make out a *prima facie* case supporting jurisdiction." *Trois v. Apple Tree Auction Center, Inc.*, 882 F.3d 485,488 (5th Cir. 2018) (quoting *Central Freight Lines, Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003)). When considering whether a plaintiff has made a *prima facie* case for jurisdiction, the court must take the uncontroverted allegations in the plaintiff's complaint as true. *Cypress Pharmaceuticals, Inc. v. CRS Management, Inc.*, 827 F. Supp. 2d 710, 716 (S.D. Miss. 2011) (quoting *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) (citations omitted) (internal quotation marks omitted)). This does not limit the court to only consider the plaintiff's assertions in his or her complaint, but instead it allows the court to also consider documents in the record at the time the motion is filed. *Id*. (quoting *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006) (quoting *Quick Technologies, Inc. v. Sage Group, PLC*, 313 F.3d 338, 343 (5th Cir. 2002)). In deciding if there is a *prima facie* case for personal jurisdiction, the Court must decide any factual controversies between the parties' affidavits in favor of the plaintiff. *Id*. (quoting *Bullion*, 895 F.2d at 217).

*Analysis and Discussion*

Nations argues that this Court lacks personal jurisdiction over him because he is not a resident of Mississippi, has never appeared in Mississippi in his Firm's representation of clients, did not sign the Attorney-Client Contract which was signed by Kee, and did not communicate directly with Kee.

"A federal district court sitting in diversity may exercise personal jurisdiction over a foreign defendant if (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process

4

guarantees of the United States Constitution." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (citing *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)). The Mississippi long-arm statute provides as follows:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

MISS. CODE ANN. § 13-3-57.

"Under due-process requirements, the defendant must have requisite minimum contacts with the forum state, and the exercise of jurisdiction in the forum state must not infringe on 'traditional notions of fair play and substantial justice.'" *Trois*, 882 F.3d at 488-89 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

"There are two types of minimum contacts: those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction. General jurisdiction attaches when the defendant's contacts with the forum state are continuous and systematic." *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001) (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir.1994)) (internal quotation marks omitted). Conversely, "[s]pecific jurisdiction may be found when a foreign defendant 'has "purposefully directed" his activities at residents of the forum[.]'" *Religious Tech. Center v. Liebreich*, 339 F.3d 369, 375 (5th Cir. 2003) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)) (internal citations omitted); *see also Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 871 (5th Cir. 2000) ("The focus here is on whether the nonresident 'purposefully availed' itself of the benefits of the forum

5

state.") (internal citation omitted). "The non-resident's purposefully directed activities in the forum must be such that he could reasonably anticipate being haled into court in the forum state." *Clemens*, 615 F.3d at 378 (citing *Burger King Corp.*, 471 U.S. at 474).

As noted above, both the long-arm statute and the Constitutional due process guarantees must be satisfied in order for the Court to exercise personal jurisdiction. *See id*. The Court will first turn to the long-arm statute. In so doing, the Court is cognizant, as noted above, that Kee bears the burden of establishing that the exercise of personal jurisdiction is appropriate. *See Stuart*, 772 F.2d at 1192 (citation omitted).

A. *Long-Arm Statute*

"Since Mississippi's long-arm statute is not coextensive with federal due process, an analysis of the scope of Mississippi's long-arm statute is usually required when a challenge is made to this court's exercise of personal jurisdiction." *Norris v. Krystaltech Int'l, Inc.*, 133 F. Supp. 2d 465, 467 (S.D. Miss. 2000) (citing *Allred v. Moore & Peterson*, 117 F.3d 278, 282 (5th Cir. 1997)); *see also Bouchillon v. SAME Deutz-Fahr, Grp.*, 268 F. Supp. 3d 890, 914 (N.D. Miss. 2017); *Burnes v. Trinity Mgmt. Grp., Inc.*, 2012 WL 774951, at *2 (S.D. Miss. Mar. 8, 2012) (holding Mississippi's long-arm statute, which is regarded as relatively restrictive in scope, is not co-extensive with federal due process and that an analysis of the scope of the reach of the statute itself is therefore necessary).

Kee takes the position that the long-arm statute is clearly satisfied and that the Court should immediately turn to the due process portion of the analysis. The Court, however, finds that an analysis of the long-arm statute, prior to turning to the Constitutional considerations, is appropriate. *See, e.g., Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006).

6

"The three prongs of the long-arm statute are commonly referred to as the contract prong, the tort prong, and the doing-business prong." *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 497 (5th Cir. 2012). "Under the tort prong of the long-arm statute, a non-resident is subject to jurisdiction in Mississippi if the non-resident commits a tort in whole or in part in Mississippi, against a resident or a non-resident." *Walker v. World Ins. Co.*, 289 F. Supp. 2d 786, 788 (S.D. Miss. 2003). In pleading with this Court to allow jurisdictional discovery, Kee seemed to make it a foregone conclusion that the long-arm statute confers jurisdiction over Nations by stating that "plaintiff satisfied the 'tort prong' of the Mississippi long-arm statute because the Attorney-Client Contract was signed in Mississippi." [63] at p. 7 (internal quotes modified); *see also* [63] at p. 9 ("Because the Mississippi long-arm statute confers jurisdiction…").[1] Kee, in conclusory fashion, claims that "Mr. Nations' tort was committed in part in Mississippi." [63] at p. 7. However, Kee did not provide evidence or further argument to support that point. And when arguing that she needed additional discovery to support her claim that the long-arm statute was applicable, Kee stated the following:

> Discovery is also necessary to determine the relationship between Mr. Nations and the other attorneys mentioned late in the attorney-client relationship at relevant times. Plaintiff needs jurisdictional discovery *to know for certain the activities performed by Mr. Nations and why he did not sign the Attorney-Client Contract*, as his name is printed on the Attorney-Client Contract.

[63] at p. 8-9 (emphasis added).

Thus, Kee's contentions on this point seem to concede that the Mississippi long-arm statute *might not* confer personal jurisdiction. When requesting additional discovery, she took the position

---

[1] Kee, in her Response [35] to Nations dispositive Motion to Dismiss [33], only addressed the tort prong of the long-arm statute. Furthermore, in her briefing related to the Motion for Jurisdictional Discovery [62], as well as her Supplemental Response [77], she did not address the contract prong or doing-business prong. Because she does not argue that either prong is applicable, the Court will not address those prongs.

that said discovery was needed to ascertain what involvement other attorneys had in her case. The implication being, at least potentially, that the discovery could ultimately have revealed that Nations did not commit a tort in Mississippi and that the tort prong was not satisfied. However, after being granted the opportunity to conduct jurisdictional discovery, Kee, in that discovery, chose to focus solely on due process, as opposed to the long-arm statute. She failed to even mention the long-arm statute when filing her supplemental brief after jurisdictional discovery was conducted. *See* [77].

Nations argues in his Supplement [74] that the "plaintiff has not alleged and cannot prove that Nations had any involvement with his firm's representation of the plaintiff." [74] at p. 3. Turning to the evidence in the record on this point, the Court first notes one of Nations' interrogatory responses:

> **INTERROGATORY NO. 3:** Please state whether and to what extent Howard L. Nations individually was involved in, or otherwise approved, the decision to terminate the employment relationship between Syreeta Kee and Howard L. Nations, P.C.
>
> **RESPONSE:** Howard L. Nations was not involved.

[74], Ex. 1 at p. 1.

Additionally, the record shows that Nations' name was on the Attorney-Client Contract signature line as "Howard L. Nations on behalf of Attorneys." *See* [21], Ex. 2. However, by Kee's *own admission*, "Mr. Nations did not sign the Attorney-Client Contract[.]" *See* [63] at p. 7; *see also* [63] at p. 8-9 ("Plaintiff needs jurisdictional discovery to know for certain the activities performed by Mr. Nations *and why he did not sign* the Attorney-Client Contract, as his name is printed on the Attorney-Client Contract.") (emphasis added).

Furthermore, as Nations points out, Kee, in her Responses to Requests for Admission, admitted that she never communicated with Nations individually:

>**REQUEST NO. 2:** Admit that you have never communication [sic] with Howard L. Nations, individually.
>
>**RESPONSE:** Admitted.

[33], Ex. 3 at p. 1.

The Court also finds noteworthy Nations' affidavit wherein he testified to the following:

> 1. My name is Howard L. Nations. I am an adult resident citizen of Houston, Texas. I am over the age of 21, and I am competent to testify in this matter.
> 2. The facts in this affidavit are based on my personal knowledge and are true and correct to the best of my knowledge, information, and belief.
> 3. I am the owner and President of Howard L. Nations, P.C., which operates its principal law office in Houston Texas.
> 4. I do not operate any business in Mississippi.
> 5. I have made no personal appearances in Mississippi in connection with my firm's representation of any clients.
> 6. I am a resident of Texas. I do not live in Mississippi, I do not personally maintain an office in Mississippi, and I do not have any employees or agents in Mississippi.
> 7. I do not own, use, lease or possess any real property within the state of Mississippi.
> 8. I do not have a telephone number bank account or mailing address in the state of Mississippi.
> 9. I have not conducted any personal business in the State of Mississippi.
> 10. I do not pay any of Howard Nations, P.C.'s expenses or losses. That entity pays all of its own expenses.
> 11. *I did not personally enter into any contract with Syreeta Kee.*
> 12. *I did not have any involvement with Syreeta Kee's case.*

[33], Ex. 1 at p. 1-2 (emphasis added).

Thus, Nations likewise declined having ever signed a contract with Kee or being in any way involved with her case. In addition, Kee argues that "Mr. Nations sent a letter declining representation for plaintiff's product liability defective IVC filter claims[.]" *See* [63] at p. 7. However, having been provided a copy of the letter and having reviewed it, the Court notes that

Nations did not sign it. Instead, it was Attorney Kim Truongle who signed the release letter. *See* [21], Ex. 3 at p. 1.

The Court acknowledges that "[f]or purposes of the tort prong of Mississippi's long arm statute, a tortious act outside the state which causes injury within the state confers jurisdiction on the courts of that state." *Gross v. Chevrolet Country*, Inc., 655 So. 2d 873, 879 (Miss. 1995) (citation omitted) (internal quotes omitted). This would mean that if Nations, even if physically in Texas, had indeed committed a tortious act against Kee, the long-arm statute would confer jurisdiction. *See*, *e.g.*, *Corr Wireless Communications, LLC v. AT&T, Inc.*, 907 F. Supp. 2d 793, 801 (N.D. Miss. Nov. 1, 2012). However, in the Court's view, the jurisdictional discovery that was conducted did not seek to, and failed to, answer that preliminary question of whether Nations committed a tort against Kee.

The Court reiterates that Kee has the burden of establishing this Court's jurisdiction over Nations. *See Stuart*, 772 F.2d at 1192 (citation omitted). The Court is additionally cognizant that when "the court rules on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff is only required to make a prima facie case that jurisdiction is proper." *Cypress Pharmaceuticals*, 827 F. Supp. 2d at 716 (citing *Paz*, 445 F.3d at 812). And while the Court must take Kee's uncontroverted allegations as true, it may also "consider the contents of the record at the time of the motion[.]" Id. (citing *Paz*, 445 F.3d at 812; *Quick Tech., Inc. v. Sage Group, PLC*, 313 F.3d 338, 343 (5th Cir. 2002)).

Notably, the allegations in Kee's Amended Complaint [21] are bare as to Nations' involvement in her case and/or any actions that he took in connection therewith. Furthermore, when considering the other evidence in the record emphasized above, such as Kee's admission that Nations never signed the Attorney-Client Contract, her admission that she never

10

communicated with him, the evidence that Nations never signed the release letter, his affidavit, and the relevant discovery responses referenced above, the Court finds that Kee has not met her burden of establishing that the long-arm statute reaches Nations individually.

B. *Due Process*

The Court need not consider whether the exercise of personal jurisdiction over Nations would be consistent with due process. *See Haas Outdoors, Inc. v. Dryshod Int'l, LLC*, 347 F. Supp. 3d 266, 272 (N.D. Miss. 2018) (noting that although due process could permit the court to assert personal jurisdiction, the court need not contemplate that question given the long-arm statute did not reach the defendants). Kee has only come forward with evidence of potential systematic contacts that *could* create general jurisdiction to satisfy the due process prong of establishing personal jurisdiction.[2] In the Court's view, however, it need not address this point, given that Kee has not established that Mississippi's long-arm statute reaches Nations, and the reach of Mississippi's long-arm statute does not extend to the outer limits of federal due process. *See Haas Outdoors, Inc.*, 347 F. Supp. 3d at 272; *see also Allred*, 117 F.3d at 282 (5th Cir. 1997) (citing *Cycles, Ltd. v. W.J. Digby*, Inc., 889 F.2d 612, 616–17 (5th Cir. 1989)) (noting that Mississippi's long-arm statute has a "relatively restrictive scope"); *Walker v. World Ins. Co.*, 289 F. Supp. 2d 786, 789 (S.D. Miss. Oct. 2, 2003) ("Because [the defendant] is not amenable to jurisdiction under the long-arm statute, the Court need not analyze whether it is subject to jurisdiction under a due process analysis.").

---

[2] Specifically, Kee asserts that "according to the Electronic Case Filing System PACER for the Southern District of Mississippi (MSSD), Mr. Nations has made five-hundred (500) appearances under Rule 46 of the Mississippi Rules of Appellate Procedure in Mississippi Court[.]" [77] at p. 1-2.

11

*Conclusion*

Based on foregoing analysis, the Court finds that it cannot exercise personal jurisdiction over Howard L. Nations. The Motion to Dismiss [33] is GRANTED. Kee's claims against Howard L. Nations in his individual capacity are hereby dismissed *without prejudice*.[3]

SO ORDERED this, the 28th day of September, 2021.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[3] Dismissals for lack of personal jurisdiction should be made *without prejudice*. *See, e.g., Am. Realty Tr., Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 666 (5th Cir. 2004); *see also Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 623 (5th Cir. 1999).