# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**SYREETA L. KEE**                                                                                     **PLAINTIFF**

**V.**                                                   **CIVIL ACTION NO. 4:20-cv-00127-SA-JMV**

**HOWARD L. NATIONS, P.C.**
**a/k/a THE NATIONS LAW FIRM**                                                      **DEFENDANT**

## ORDER

Before this court is the Defendant's Motion to Strike Supplemental and Rebuttal Expert Report of Dr. Ali Amin [115]. For the reasons discussed below, the motion is granted.

I. <u>Review of Relevant FRCP and Local Rules</u>

Federal Rule of Civil Procedure 26(a)(2)(A) requires a party to "disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. "[T]his disclosure must be accompanied by a written report" that must contain, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B)(i). Rule 26(a)(2)(D) Time to Disclose Expert Testimony dictates that "[a] party must make these disclosures at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). Local Rule 26 requires "full and complete disclosure" of expert materials no later than the time specified in the Case Management Order. L. U. CIV. R. 26. "Absent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial." L. U. CIV. R. 26(a)(2).

II. <u>Applicable Court Ordered Deadlines and the Relevant Expert Designations</u>

In this matter, a Case Management Order was entered on October 28, 2020, setting a designation deadline in March 2021, for the production of Plaintiff's expert disclosures. On March 18, 2021, though the amended complaint addressed only alleged legal malpractice arising from

failure to timely pursue a *defective product claim* against the manufacturer of an ALN optional vena cava filter that had been implanted in Plaintiff in 2009, Plaintiff designated Dr. Resnick who opined on *medical negligence* in relevant part as follows:

> e. Ms. Kee [Plaintiff] had an ALN Optional IVC filter placed in 2009 following a motor vehicle accident and subsequent deep vein thrombosis with pulmonary embolism;
> f. Ms. Kee subsequently developed right lower extremity post thrombotic syndrome with pain, swelling and ulceration of the right leg;
> h. The ALN Optional filter is <u>mis</u>identified as a non-retrievable device by Dr. McPherson on 09/03/14 and based on this fact, Dr. McPherson elects to stent the filter device to the side of the IVC, rather than remove it;
> k. The IVC filter should have been removed rather than stented to the side by Dr. McPherson on 09/03/14;
> o. It is my firm opinion that <u>Dr. McPherson did NOT act within the standard of care</u> in performance of the procedure on Syreeta Kee on 09/03/14 and that his actions led to worsening of her right lower extremity post thrombotic syndrome and to her ongoing venous stasis wound issues.

[111] Ex. 1 at 1-2. (emphasis in original).

Plaintiff's expert designation deadline was later continued to July 19, 2021, and Defendant's to August 19, 2021. On July 19, 2021, Plaintiff timely designated another medical expert, Dr. Amin, and provided his expert report. Dr. Amin's report contained the following opinions:

> 1. Ms. Kee sustained severe trauma secondary to a motor vehicle accident [in 2009].
> 2. Ms. Kee developed lower extremity deep vein thrombosis (DVT) and pulmonary embolism. Ms. Kee could not be anticoagulated secondary to bleeding.
> 3. Ms. Kee required insertion of vena cava filter [in 2009] since she could not be anticoagulated.
> 4. An ALN optional vena cava filter was inserted [in 2009]. Based on the Instructions For Use, the ALN filter should have been removed, no later than 3 months after insertion, unless there was an appropriate reason not to remove it.

> 5. Removing the ALN filter in less than 3 months would have not necessitated iliac vein stenting.

[115] Ex. 1 at 4.

Of relevance to the instant motion, one month later on August 19, 2021, the Defendant timely designated Dr. Usey who, like Plaintiff's earlier expert, Dr. Resnick, addressed only the appropriateness of Plaintiff's medical treatment by Dr. McPherson on September 3, 2014. Then, six days later on August 25, 2021, just as the discovery deadline of August 30, 2021, approached, Plaintiff filed the subject "supplemental and rebuttal opinion" of Dr. Amin stating, in relevant part, as follows:

> i. Dr. V. Lee Norris, as the physician who inserted the IVC filter, [in 2009] had the duty and responsibility to remove the IVC filter at the end of the three (3) months.
> ii. Dr. Norris had the duty to arrange for Syreeta Kee to follow up to discuss and evaluate her for removal of the IVC filter within three (3) months.
> iii. Baptist Memorial Hospital-Oxford had no duty related to the removal of the IVC filter unless Dr. Norris was employed by the hospital.
> iv. Each hospital is different in regard to the policies and procedures in place to insure that an IVC filter is timely removed in accordance with the manufacturer[']s removal recommendations.
> v. Generally speaking, medically accepted reasons to leave an lVC filter in a patient longer than three (3) months under the manufacturer[']s recommendations include excessive tilt, the hook being in contact with the vessel wall, thrombus in the filter, inability to safely remove the filter or inability to grab the hook.
> vi. The decision to remove an IVC filter should be taken individually for each patient according to his or her clinical condition.

[115] Ex. 2 at 1-2.

On the same day, August 25, 2021, Plaintiff also sought, as relevant here, to supplement Dr. Resnick's original opinion, with the following new opinions:

    x. Syreeta Kee's IVC filter was placed in a suboptimal location at the caudal end of the IVC just above the iliac venous confluence rather than at the intended location just below the renal veins. Further, the IVC filter was substantially tilted rather than vertically oriented in the inferior vena cava as intended. Appropriate repositioning and better alignment of the IVC filter should have been undertake at the time of initial IVC filter placement. Appropriate IVC filter placement not only provides optimal clot trapping but also minimizes filter-related complications.

    xi. The 2010 FDA communication regarding IVC filters says that the responsibility for keeping track of implanted IVC filters lies with the implanting physician and/or the primary care physician for the patient in question. Syreeta Kee's IVC filter was placed by Dr. Lee Norris (Interventional Radiologist) and her primary care physician is Dr. Mona Castle. It appears neither of these physicians was aware that the IVC filter should have been removed when the patient was safely anticoagulated less than two months following initial IVC filter implantation or that neither kept track of her IVC filter with consideration for potential future removal in any respect.

[111] Ex. 2 at 5.

 III. <u>Case Law</u>

According to the Fifth Circuit, "[t]he purpose of supplementary disclosures is just that – to supplement. Such disclosures are not intended to provide an extension of the expert designation and report production deadline." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998) (citing *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996)). In *McReynolds v. Matthews*, No. 1:16-CV-318-HSO-MTP, 2017 WL 5573194, at *5 (S.D. Miss. Nov. 20, 2017), this Court opined that "[s]upplemental reports are intended to be "changes" or "corrections" to the expert's original, timely disclosed opinion, and may not be "material additions to the initial report." (citing *Harmon v. Georgia Gulf Lake Charles L.L.C.*, 476 Fed. Appx. 31, 38 (5th Cir. 2012)). "A party may not use a supplemental report to disclose information that should have been disclosed in the initial expert report, thereby circumventing the requirement for a timely and complete expert witness report." *Reynolds* at *5 (S.D. Miss. Nov. 20, 2017) (citing James Wm. Moore et al., 6 Moore's Federal Practice

§ 26.131[2] (3d ed. 2017)). The *McReynolds* Court further notes that, "[t]he district court is given broad discretion in formulating sanctions for a violation of its scheduling or pre-trial orders. *McReynolds* at *3 (S.D. Miss. Nov. 20, 2017) (citing *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996)); *Geiserman v. MacDonald*, 893 F.2d 787, 790-91 (5th Cir. 1990)). "In exercising its discretion to exclude expert testimony as untimely, a district court considers the following factors: '(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.'" *Geiserman*, 893 F.2d at 791; *see also Sierra Club*, 73 F.3d at 572.

In *Elliot v. Amada Industries, Inc.*, 796 F. Supp. 2d 796 (S.D. Miss. 2011), the court excluded a supplementation of expert opinions as untimely. The court found that the supplemental expert report was comprised of new, previously undisclosed opinions that were due on plaintiff's designations deadline. After determining the supplemental opinions were disclosed untimely, the court then weighed the four factors to determine whether the supplemental testimony should be stricken for the party's failure to properly and timely disclose the required information. The court determined that the balance of the four factors resulted in striking the supplemental information (i.e., the new opinions). The expert's preliminary report was timely and was not stricken. During its analysis of the four factors, the court opined that "[e]ven granting that the expert testimony was significant 'the importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders.'" *Id.* at 804-805.

IV. Discussion

According to the Plaintiff, Dr Amin's purported "supplemental and rebuttal opinion," dated August 25, 2021, is proper because: (1) there are no new opinions in the supplemental/rebuttal report. According to the Plaintiff, in his original timely filed opinion dated

July 19, 2021, Dr. Amin, like Dr. Resnick's March 18, 2021 Report, opined that the "IVC filter should have been removed 'no later than 3 months after insertion' based on the filter's instruction for use and that Kee's treating physician violated the medical standard of care in failing to remove the IVC filter in a timely fashion and during subsequent procedures through September, 2016." Pl. Br. at 4. [140]; and (2) Dr. Amin's "supplemental and rebuttal" report, issued August 25, 2021, contained no "new 'opinions' and only addressed additional facts and points raised [in] Dr. [Usey's] report. [Filed by the Defendant on August 19, 2021, the Defendant's expert designation deadline]." *Id.* at 3.

In the court's view, were these assertions accurate, Dr. Amin's supplemental report would likely constitute permissible rebuttal and/or supplementation, but the reality is that they are not accurate. Any suggestion to the contrary is not colorable as demonstrated by the above excerpts from the various original and purported "supplemental or rebuttal expert reports" and the court's following observations based thereon. In Dr. Amin's original designation, his opinion was essentially that "[b]ased on the Instructions For Use, the ALN filter should have been removed, no later than 3 months after insertion, unless there was an appropriate reason not to remove it; and Removing the ALN filter in less than 3 months [after it placement in 2009] would have not necessitated iliac vein stenting." [115] Ex. 1 at 4.

Contrary to Plaintiff's assertion above in (1), Dr. Amin did not opine in his original designation that any physician violated any standard of care in the treatment of the Plaintiff at any point in time. Nor, for that matter, did Dr. Resnick opine in his original March 18, 2021 designation that the failure to have removed the subject filter within three months of its insertion in 2009, constituted a breach by any physician of the standard of care. Dr. Resnick limited his March 18, 2021 opinions to the care rendered to the Plaintiff by Dr. McPherson five years later on September 3, 2014.

The Plaintiff's assertion in (2) above that the opinions proposed in Dr. Amin's supplemental and rebuttal report were merely rebuttal to the opinions of Dr. Usey, the timely designated defense expert, is also demonstrably erroneous. Dr. Usey's report concerned only the appropriateness of Plaintiff's treatment by Dr. McPherson on September 3, 2014. Whereas Dr. Amin's purported supplemental and rebuttal report addresses the treatment offered by a Dr. V. Lee Norris, to Plaintiff five years earlier in 2009.

In short, the August 25, 2021 "supplemental and rebuttal report of Dr. Amin" is neither supplemental or rebuttal, and the premise for asserting otherwise cited by the Plaintiff is flawed. Further, the August 25, 2021 report, coming as it does over a month after Plaintiff's designation deadline, after Defendant's expert designation deadline, and just a few days before the discovery deadline is undoubtedly prejudicial to Defendant. Moreover, there is no factual justification offered to support the tardiness of the new opinions offered by Dr. Amin and they are made against the backdrop of an amended complaint that makes no mention of legal malpractice premised on failure to bring a medical negligence claim. Further, these opinions concerning alleged medical negligence well over a decade ago are offered at the close of discovery when in fact, prior thereto, Plaintiff's expert designations did not include opinions of medical negligence arising from other than the alleged improper failure by Dr. McPherson to remove the subject filter on September 3, 2014. Taken together, these factors, including that trial is fast approaching and no party has sought or suggests a continuance, all weigh in favor of striking the purported supplemental and rebuttal report of Dr. Amin.

**SO ORDERED** this, the 16th day of November, 2021.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**