IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**SYREETA L. KEE**                                                                           **PLAINTIFF**

**V.**                                         **CIVIL ACTION NO. 4:20-cv-00127-SA-JMV**

**HOWARD L. NATIONS, P.C.**
**a/k/a THE NATIONS LAW FIRM**                                                **DEFENDANT**

**ORDER**

Before this court is the Defendant's Motion to Strike Supplemental and Rebuttal Expert Report of Dr. Scott Resnick [111]. For the reasons discussed below, the court finds that the motion is granted in part and denied in part. Specifically, the motion is granted as to the opinions set out in paragraphs x and xi of Dr. Resnick's Supplemental and Rebuttal Report and denied as to the remainder.

      I.    <u>Review of Relevant FRCP and Local Rules</u>

Federal Rule of Civil Procedure 26(a)(2)(A) requires a party to "disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. "[T]his disclosure must be accompanied by a written report" that must contain, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B)(i). Rule 26(a)(2)(D) Time to Disclose Expert Testimony dictates that "[a] party must make these disclosures at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). Local Rule 26 requires "full and complete disclosure" of expert materials no later than the time specified in the Case Management Order. L. U. CIV. R. 26. "Absent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial." L. U. CIV. R. 26(a)(2).

II. <u>Applicable Court Ordered Deadlines</u>

In this matter, a Case Management Order was entered on October 28, 2020, setting a designation deadline of March 4, 2021, for the production of Plaintiff's expert disclosures. Plaintiff's expert designation deadline was later continued to July 19, 2021. [87]. Dr. Resnick's Supplemental and Rebuttal Report was produced on August 25, 2021, over a month after Plaintiff's expert deadline; after Defendant's own expert designation deadline of August 19, 2021; and 6 days before the discovery deadline of August 30, 2021.

III. <u>Case Law: Supplemental Disclosure</u>

According to the Fifth Circuit, "[t]he purpose of supplementary disclosures is just that – to supplement. Such disclosures are not intended to provide an extension of the expert designation and report production deadline." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998) (citing *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996)). In *McReynolds v. Matthews*, No. 1:16-CV-318-HSO-MTP, 2017 WL 5573194, at *5 (S.D. Miss. Nov. 20, 2017), this Court opined that "[s]upplemental reports are intended to be "changes" or "corrections" to the expert's original, timely disclosed opinion, and may not be "material additions to the initial report." (citing *Harmon v. Georgia Gulf Lake Charles L.L.C.*, 476 Fed. Appx. 31, 38 (5th Cir. 2012)). "A party may not use a supplemental report to disclose information that should have been disclosed in the initial expert report, thereby circumventing the requirement for a timely and complete expert witness report." *Reynolds* at *5 (S.D. Miss. Nov. 20, 2017) (citing James Wm. Moore et al., 6 Moore's Federal Practice § 26.131[2] (3d ed. 2017)). The *McReynolds* Court further notes that, "[t]he district court is given broad discretion in formulating sanctions for a violation of its scheduling or pre-trial orders. *McReynolds* at *3 (S.D. Miss. Nov. 20, 2017) (citing *Barrett v. Atl. Richfield Co.*, 95 F.3d 375,

380 (5th Cir. 1996)); *Geiserman v. MacDonald*, 893 F.2d 787, 790-91 (5th Cir. 1990)). "In exercising its discretion to exclude expert testimony as untimely, a district court considers the following factors: '(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.'" *Geiserman*, 893 F.2d at 791; *see also Sierra Club*, 73 F.3d at 572.

In *Elliot v. Amada Industries, Inc.*, 796 F. Supp. 2d 796 (S.D. Miss. 2011), the court excluded a supplementation of expert opinions as untimely. The court found that the supplemental expert report was comprised of new, previously undisclosed opinions that were due on plaintiff's designations deadline. After determining the supplemental opinions were disclosed untimely, the court then weighed the four factors to determine whether the supplemental testimony should be stricken for the party's failure to properly and timely disclose the required information. The court determined that the balance of the four factors resulted in striking the supplemental information (i.e., the new opinions). The expert's preliminary report was timely and was not stricken. During its analysis of the four factors, the court opined that "[e]ven granting that the expert testimony was significant 'the importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders.'" *Id.* at 804-805.

IV. Discussion as Concerns the Alleged "Supplements"

In the present case, the court finds – despite the Plaintiff's assertion to the contrary – that Dr. Resnick adds completely new opinion/statements in paragraphs x and xi of the Supplemental Report. These paragraphs introduce entirely new theories of medical malpractice to the case involving different physicians at differing points in time than were addressed in Dr. Resnick's original expert designation. And, while certainly the identification of these new theories and new

doctors were new to this lawsuit when introduced by Dr. Resnick's supplemental opinions and were introduced by Dr. Resnick well past the Plaintiff's expert designation deadline, Dr. Resnick was admittedly aware of the facts and circumstances giving rise to these opinions months before his original expert report was due. In fact, he testified in his deposition that the information contained in the paragraphs was available to him when he authored his original March 18, 2021 report. *See* Def's Mot. Ex. 3 at 103.

In short, the information could and should have been included in the original report. It is improper supplemental opinion and should be stricken. There was no explanation as to why the information was not in the first report and having only been disclosed after Defendant's expert designation deadline had passed, it unfairly deprived Defendant of the opportunity to address the same in its expert designation. When considered together with the fact that the new theories are introduced against the backdrop of a complaint that concerns – even now as the trial set for February 7, 2022, approaches[1] – only legal malpractice arising from alleged product liability and not from medical negligence, the importance of the testimony is suspect at best.

## V. Caselaw as Concerns Rebuttal Opinions

Rule 26(a)(2)(D)(ii) allows for a rebuttal report so long as the report is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C). FED. R. CIV. P. 26. The rebuttal report must be submitted within 30 days after the other party's disclosure unless otherwise directed by court order. *Id.*

## VI. Discussion re: Rebuttal Opinions

As concerns the rebuttal, as opposed to the supplemental opinions set forth in paragraphs x and xi of the Supplemental and Rebuttal Report, it appears that although Defendant makes

---

[1] No party has sought a continuance of the trial date.

passing reference to the Plaintiff's failure to seek court approval (as directed to do in the Case Management Order) before filing the same, no substantive argument that those rebuttal opinions are improper, prejudicial or should be stricken is made and the court finds no basis for doing so.

**SO ORDERED** this, the 16th day of November, 2021.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**