## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**SYREETA L. KEE**                                                                            **PLAINTIFF**

**V.**                                                      **CIVIL ACTION NO. 4:20-cv-00127-SA-JMV**

**HOWARD L. NATIONS, P.C.**
**a/k/a THE NATIONS LAW FIRM**                                       **DEFENDANT**

### ORDER

Before this court is the Defendant's Motion to Strike Amended Expert Report of Donald E. Campbell [113]. For the reasons discussed below, the court finds that the motion, which seeks to strike only a portion of the Amended Expert Report of Donald E. Campbell is well taken and granted except as concerns the reference to "medical malpractice" appearing in highlight on page 2 of Dr. Campbell's Amended Expert Report.[1]

I.      Review of Relevant FRCP and Local Rules

Federal Rule of Civil Procedure 26(a)(2)(A) requires a party to "disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. "[T]his disclosure must be accompanied by a written report" that must contain, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B)(i). Rule 26(a)(2)(D) Time to Disclose Expert Testimony dictates that "[a] party must make these disclosures at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). Local Rule 26 requires "full and complete disclosure" of expert materials no later

---

[1] Though the Defendant contends this reference did not appear at page 2 of the original expert opinion, that contention is incorrect. *See* Ex. 1 at 2. [113].

than the time specified in the Case Management Order. L. U. Civ. R. 26. "Absent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial." L. U. Civ. R. 26(a)(2).

## II.  Applicable Court Ordered Deadlines

In this matter, a Case Management Order was entered on October 28, 2020, setting a designation deadline of March 4, 2021, for the production of Plaintiff's expert disclosures. Plaintiff's expert designation deadline was later continued to July 19, 2021. [87]. Dr. Campbell was timely designated as Plaintiff's expert on legal duties owed clients. His deposition was then taken by the Defendant on July 22, 2021. Defendant's expert designation deadline then expired on August 19, 2021. The Defendant did not designate an expert on the issue of legal duties. Approximately one week later, Plaintiff then filed the "Amended Expert Report" dated August 25, 2021, seeking to add approximately 4 pages of single-spaced opinions and bases therefore to his original expert report.

## III.  Case Law

According to the Fifth Circuit, "[t]he purpose of supplementary disclosures is just that – to supplement. Such disclosures are not intended to provide an extension of the expert designation and report production deadline." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998) (citing *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996)). In *McReynolds v. Matthews*, No. 1:16-CV-318-HSO-MTP, 2017 WL 5573194, at *5 (S.D. Miss. Nov. 20, 2017), this Court opined that "[s]upplemental reports are intended to be "changes" or "corrections" to the expert's original, timely disclosed opinion, and may not be "material additions to the initial report." (citing *Harmon v. Georgia Gulf Lake Charles L.L.C.*, 476 Fed. Appx. 31, 38 (5th Cir. 2012)). "A party may not use a supplemental report to

disclose information that should have been disclosed in the initial expert report, thereby circumventing the requirement for a timely and complete expert witness report." *Reynolds* at *5 (S.D. Miss. Nov. 20, 2017) (citing James Wm. Moore et al., 6 Moore's Federal Practice § 26.131[2] (3d ed. 2017)). The *McReynolds* Court further notes that, "[t]he district court is given broad discretion in formulating sanctions for a violation of its scheduling or pre-trial orders. *McReynolds* at *3 (S.D. Miss. Nov. 20, 2017) (citing *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996)); *Geiserman v. MacDonald*, 893 F.2d 787, 790-91 (5th Cir. 1990)). "In exercising its discretion to exclude expert testimony as untimely, a district court considers the following factors: '(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.'" *Geiserman*, 893 F.2d at 791; *see also Sierra Club*, 73 F.3d at 572.

In *Elliot v. Amada Industries, Inc.*, 796 F. Supp. 2d 796 (S.D. Miss. 2011), the court excluded a supplementation of expert opinions as untimely. The court found that the supplemental expert report was comprised of new, previously undisclosed opinions that were due on plaintiff's designations deadline. After determining the supplemental opinions were disclosed untimely, the court then weighed the four factors to determine whether the supplemental testimony should be stricken for the party's failure to properly and timely disclose the required information. The court determined that the balance of the four factors resulted in striking the supplemental information (i.e., the new opinions). The expert's preliminary report was timely and was not stricken. During its analysis of the four factors, the court opined that "[e]ven granting that the expert testimony was significant 'the importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders.'" *Id.* at 804-805.

IV.	Discussion

In the present case, the court finds – despite Plaintiff's assertion to the contrary – that Dr. Campbell's additional 4-pages of single-spaced opinions and bases therefore add new opinions and findings to his original Report. And, while the introduction of these new opinions and bases for the same were new to this lawsuit when introduced by Dr. Campbell's amended opinion – and were introduced by him well past the Plaintiff's expert designation deadline – Dr. Campbell was plainly aware of the facts and circumstances giving rise to these opinions before his original expert report was due. In short, the information could and should have been included in the original report. It is improper supplemental opinion and should be stricken.

There was no explanation as to why the information was not in the first report and having only been disclosed after Dr. Campbell's deposition was taken and Defendant's expert designation deadline had passed, it unfairly deprived defendant of the opportunity to address the same. When this is considered together with the fact that the original opinion of Dr. Campbell is itself already 9-pages in length, and according to the Plaintiff is already "well detailed in the description and nature of the duties and the supporting factual bases for Dr. Campbell's opinion that Defendants were subject to a claim of legal malpractice," it is doubtful that the additional matter is of true significance. Pl. Br. in Opp'n at 2. [138]. Further, no party has sought a continuance of the fast-approaching trial date. In summary, the factors cited above, when weighed, fall in favor a striking the highlighted material on pages 9-13 of the Amended Expert Report of Donald E. Campbell Amended Expert Report.

**SO ORDERED** this, the 16th day of November, 2021.

/s/Jane M. Virden  
**UNITED STATES MAGISTRATE JUDGE**