IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

SYREETA L. KEE                                                                                               PLAINTIFF

V.                                                       CIVIL ACTION NO. 4:20-CV-127-SA-JMV

HOWARD L. NATIONS, P.C.
a/k/a THE NATIONS LAW FIRM                                                        DEFENDANT

ORDER

Now before the Court is the Defendant, The Nations Law Firm's, Motion [117] to Exclude Certain Opinions of Dr. Scott Resnick. The Motion [117] is ripe for review, and the Court is prepared to rule.

*Relevant Background*

Syreeta L. Kee, the Plaintiff in this action, timely designated Dr. Scott Resnick as an expert to testify on her behalf at the trial of this case. Consistent with the designation and the Federal Rules of Civil Procedure, Dr. Resnick prepared a written Report, which is dated March 18, 2021. *See* [117], Ex. 1. He was later deposed on August 26, 2021. *See* [117], Ex. 2.

Through the present Motion [117], The Nations Law Firm does not seek to exclude all Dr. Resnick's opinions but, rather, focuses on only three of them, essentially arguing that those three opinions exceed the scope of his area of expertise.

*Analysis and Discussion*

The Nations Law Firm's request is rather straightforward. As noted above, the Motion [117] only concerns three of Dr. Resnick's proposed opinions—specifically, the opinions listed in Paragraphs P, Q, and S of his Report. Those opinions are as follows:

> P.     The Howard Nations law firm placed the medical file for Ms. Kee in a holding pattern in hopes of a mass tort action against the ALN filter[.]

> Q. The Howard Nations law firm did NOT investigate or work up the medical file of Ms. Kee for any potential individual claims[.]
>
> S. The statute of limitations on any individual claim by Ms. Kee against Dr. McPherson expired due to the lack of investigation and work up of her matter by The Howard Nations law firm[.]

[117], Ex. 1 at p. 2 (emphasis in original).

Asserting that these opinions should be excluded, The Nations Law Firm states "Dr. Resnick was offered as a medical, not legal expert. . . [He] does not have a legal degree, is not a practicing attorney and admitted that he is not qualified to express any legal opinions." [117] at p. 1-2.[1] The Nations Law Firm ultimately contends that the above-referenced paragraphs constitute opinions regarding the Firm's legal representation of Kee, an area in which Dr. Resnick is simply not an expert. In response, Kee asserts that the statements in Paragraphs P and Q "are plainly fact statements which may be objectively proven, not 'legal opinions.'" [134] at p. 1. However, as to Paragraph S, Kee "concedes that the statement . . . is a legal opinion." *Id*. at p. 2.

The Court notes, as did Kee in her Response [134], that The Nations Law Firm did not file a Memorandum of Law to support its Motion [117]. Although the Court will not deny the request on that ground, the lack of a more detailed legal argument makes it difficult for the Court to fully analyze The Nations Law Firm's position.

Considering the arguments before it, the Court finds Kee's position to be reasonable. Since Dr. Resnick is admittedly not a legal expert, the Court will exclude Dr. Resnick from testifying as to the contents of Paragraph S of the Report, as that opinion (specifically concerning the statute of limitations) is clearly a legal matter. *See Geiger v. Monroe Cnty., Miss.*, 2020 WL 5255403, at *1

---

[1] In making this assertion, The Nations Law Firm cites to Dr. Resnick's deposition, wherein he testified that he "would definitely not consider [himself] qualified" to provide expert legal opinions. [117], Ex. 2 at p. 2.

(N.D. Miss. Sept. 3, 2020) (quoting *Williams v. Manitowoc Cranes, LLC*, 898 F.3d 607, 625 (5th Cir. 2018)) (holding that a district court may qualify an individual as an expert "[a]s long as there are sufficient indicia that an individual will provide a reliable opinion on a subject"). As to Paragraphs P and Q, the Court will not restrict Dr. Resnick's testimony at this time. As Kee noted, those statements appear to simply be verifiable statements of fact, as opposed to legal opinions. The Court will instead address Dr. Resnick's ability to testify in those areas, if necessary, at trial. In doing so, the Court will certainly prohibit Dr. Resnick from providing opinions beyond the scope of his qualifications. *See Williams*, 898 F.3d at 625 (noting that district courts possess wide latitude in the expert qualification process).

## Conclusion

For the reasons set forth above, the present Motion [117] is GRANTED IN PART and DENIED IN PART. Dr. Resnick's testimony at trial shall be restricted consistent with the rulings set forth above.

SO ORDERED, this the 28th day of February, 2022.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE